**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOSE DANIEL PARRA MOZO,

Petitioner,

v.

JEREMY CASEY, *et al.*,

Respondents.

Case No. 26-cv-01251-BAS-BLM

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Jose Daniel Parra Mozo filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after he was paroled into the United States.  (ECF No. 1.)  The Government filed a Return (ECF No. 4), and Petitioner filed a Reply (ECF No. 5).  For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

**I.     LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez,* 411 U.S. 475, 484

- 1 -

(1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

Petitioner, a citizen of Venezuela, entered the United States on September 28, 2022, seeking asylum.  (ECF No. 1 ¶¶ 1, 3.)  He was released after Border Patrol determined he was not a flight risk or danger to the community.  (ECF No. 1 ¶ 3.)  He was given work authorization through 2029.  (ECF No. 1 ¶ 5.)  On December 3, 2025, the Department of Homeland Security ("DHS") re-detained Petitioner without notice or an opportunity to be heard and without any changed circumstances with respect to his flight risk or danger to the community.  (ECF No. 1 ¶ 9.) Petitioner seeks immediate release or a bond hearing.

## III.    ANALYSIS

Although the Government seems to agree that Petitioner is entitled to a bond hearing, it bases its concession on its belief that this Court has ruled that it agrees with *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d___, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), that an individual in Petitioner's circumstances is entitled to discretionary release under 8 U.S.C. § 1226(a).  (ECF No. 7.)  However, the *Maldonado Bautista* class applied only to individuals who entered without inspection and were not apprehended upon arrival.  *Id.* Petitioner was apprehended at the border upon arrival, so he does not appear to be part of the *Maldonado Bautista* class, nor does he appear to be entitled to discretionary release under 8 U.S.C. § 1226(a).[1]

---

[1]  The Court notes additionally that the *Maldonado Bautista* class has been limited to the Central District of California and stayed with respect to all other potential class members. *Maldonado Bautista v. U.S. Dep't of Homeland Sec.,* No. 26-1044 (9th Cir. Mar. 6, 2026).  Hence, Petitioner is not a member of this class as he is located in the Southern District of California.

26cv1251

Nonetheless, this Court finds Petitioner's re-detention without notice or an opportunity to be heard and without noticeably changed circumstances violates Petitioner's due process rights.

Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because DHS released Petitioner, finding he was not a flight risk or a danger to the community in September 2022, and because there is no evidence that those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was initially released. If DHS believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

//

//

26cv1251

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** Respondents to release Jose Daniel Parra Mozo on the same terms and conditions as he was previously released in September 2022.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: March 16, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv1251